MICHIGAN STATE EMPLOYEES ASSOCIATION v CIVIL SERVICE COMMISSION

Docket No. 43426. Submitted October 11, 1979, at Lansing.—Decided November 6, 1979.

Petitioner, Michigan State Employees Association (MSEA), filed a grievance with the Civil Service Commission, hereafter Commission, on behalf of certain members who were employees of the Departments of Mental Health and Social Services to obtain administrative leave. These employees worked at certain institutions providing services 24 hours a day and were prevented from reaching their places of employment by a snow storm which had forced the closing of factories, schools, stores and offices. All other state offices had closed and employees at those facilities were given administrative leave. A hearing was held and the hearing officer denied administrative leave. Leave to appeal was denied by the Commission, leaving the decision of the hearing officer as the final administrative decision. (During the pendency of this grievance another group of employees at the same institutions filed a grievance to receive administrative leave for the same days in question. This grievance was taken to outside arbitration and the arbitrator awarded administrative leave.) MSEA petitioned the Ingham Circuit Court for review. The court, Michael G. Harrison, J., reversed the decision of the hearing referee and granted administrative leave. The Commission appeals. *Held:*

1. The scope of judicial review of administrative actions of the Civil Service Commission includes a determination of whether the action was authorized by law and, where a hearing was required, whether the action or decision was supported by competent, material and substantial evidence on the whole record.

2. The policy directive allowing for administrative leave applies to all state employees without exception. The purpose behind the policy was to guarantee uniform treatment to all

References for Points in Headnotes

[1] 2 Am Jur 2d, Administrative Law §§ 628, 632, 659, 688, 689, 691. 15A Am Jur 2d, Civil Service § 81.
[2] [No reference]

employees. In light of that purpose, no exception not specifically enumerated in the policy directive should be read in. The employees are entitled to administrative leave.

Affirmed.

1. ADMINISTRATIVE LAW — JUDICIAL REVIEW.

   The scope of judicial review of administrative actions of the Civil Service Commission includes a determination of whether the action was authorized by law and, where a hearing was required, whether the action or decision was supported by competent, material and substantial evidence on the whole record.

2. ADMINISTRATIVE LAW — STATE EMPLOYEES — ADMINISTRATIVE LEAVE.

   A policy directive which allows for administrative leave applies to all state employees without exception where the purpose behind the policy was to guarantee uniform treatment to all employees.

*Fraser, Trebilcock, Davis & Foster* (by *Michael F. Cavanaugh),* for plaintiff.

*Maclean, Seaman, Laing & Guilford,* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR., and P. J. GLENNIE,* JJ.

R. B. BURNS, P.J. This is an appeal from a decision of Ingham County Circuit Judge Michael G. Harrison reversing a decision of the Michigan Civil Service Commission in which members of the petitioner-association were denied administrative leave benefits for time lost due to a snow storm.

In our opinion Judge Harrison's opinion is well written and well reasoned and we hereby adopt it as our own.

"This is an appeal from a decision of the Michigan

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Civil Service Commission (Commission). The relevant facts are as follows:

"On December 1, 2, and 3, 1974, a large portion of the State of Michigan was struck by a severe snow storm; the worst since 1886. Transportation became impossible due to blocked highways and city streets. National Guard troops were mobilized to assist thousands of motorists stranded on state highways. Factories, schools, stores, and offices were closed.

"This case involves the denial of administrative leave for numerous employees of the Department of Mental Health institutions and the Department of Social Services, Willard Maxie Training School. The institutions involved are operational twenty-four hours a day. These institutions operated with employees, both administrative (clerical) and functional (guards, maintenance, etc.), who happened to be on the premises when the storm struck. All other state offices were officially closed on Monday, December 2, and the employees of these facilities did receive administrative leave.

"The employees sought administrative leave for the scheduled work days during the three-day period that they were unable to reach their work stations. Administrative leave was denied by the employing departments, and the lost time was charged against annual leave time.

"A grievance was filed with the Department of Civil Service (Department). Initially, the Department refused to schedule a hearing on the grievance because they contended the 'same issue' was then pending in the case of *Arnold, et al v Civil Service Commission [Michigan State Employees Association v Michigan Civil Service Comm]*, Ingham County Circuit Court, Docket No. 74-16541-AA, [rel'd March 5, 1975]. The Department scheduled a hearing after the Circuit Court in the *Arnold* case ruled in favor of the employees.

"The hearing was held before Hearing Officer Richard Kanner who on January 13, 1976, issued his opinion denying grievants administrative leave. The grievants made application for leave to appeal that decision to the Commission which was denied, leaving the deci-

sion of the hearing officer as the final administrative decision.

"Simultaneous to the time this grievance was pending, a group of other employees from one of the same institutions filed a grievance seeking administrative leave under the same regulation for the same days in question. This other grievance was taken to outside arbitration and assigned to Arbitrator Leon Herman. Arbitrator Herman and Hearing Officer Kanner had before them the same fact situations and issue, yet reached opposite conclusions. Herman granted administrative leave to the employees.

"The issue presented is whether the employees are entitled to administrative leave pursuant to the policy directive of the Commission dated November 30, 1971.

"The Michigan Supreme Court has ruled that the proper scope of review of final decisions of the Civil Service Commission is that prescribed in Const 1963, art 6, § 28, *Viculin v Department of Civil Service*, 386 Mich 375, 392; 192 NW2d 449 (1971); *Peterson v DNR*, 392 Mich 68; 219 NW2d 34 (1974).

"The scope of review of administrative action as provided by the Michigan Constitution is as follows:

" 'Administrative Action, Review Sec. 28. All final decisions, findings, rulings and orders of any administrative officer or agency existing under the Constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record * * *.'

"In the instant case a hearing was required pursuant to the Commission's Grievance Procedure and a hearing was in fact held. The proper scope of review in this case, therefore, is whether the Commission's decision was authorized by law and supported by competent, material and substantial evidence on the whole record.

"In order to resolve the issue in this case, one must

look to the specific policy directive and determine its proper interpretation. The written policy directive has the force and effect of law and is controlling.

"The applicable policies and procedures are set forth as follows:

" 'I. *Policy and Procedure*

" 'a. Whenever an employee's absence is due to severe or unusual weather conditions, civil commotion, or other general emergency condition beyond his control, the employee will be permitted to use accrued annual leave credits to cover his absence.

" 'b. If the employee chooses not to use annual leave or if he has insufficient accrued annual leave credits, he will then be paid only for his hours worked and leave credits, if any, used. However, he will receive credit for a bi-weekly work period for all other purposes. It would not be appropriate for appointing authorities to grant administrative leave under these circumstances.

\* \* \*

" 'd. In situations where the appointing authority or his representative closes the office(s) in an approved manner, as outlined in Section II below, administrative leave will be granted the affected employees.

" 'II. *Administrative Leave-Conditions and Procedure*

" 'a. For severe or unusual weather conditions, civil commotion or other general emergencies affecting all departments in one locality:

\* \* \*

" '2. In all other localities—appointing authorities shall designate supervisory or administrative employees in various areas of the state to deal directly with emergency situations on a local basis. In case of unusual weather or emergency conditions, such employees shall consult with their counterparts in other agencies so that, when practicable, concerted action is taken. Guidelines for such action may be U.S. Weather Bureau or State Police road condition reports, Civil Defense announcements, school closings, business and industrial closings, etc.

'When such guidelines indicate that employees should not report to work, or should be dismissed from work,

administrative leave shall be granted and that fact reported to each appointing authority having affected employees, and to the State Personnel Director.

" 'b. For those situations involving only one department or portions of one department, (any location)—the appointing authority will grant administrative leave to the affected employees, and shall notify the State Personnel Director or his authorized representative of this action in writing.'

"A simple reading of the applicable policy indicates that the policy applies to all State employees without exception. There is no mention of special treatment for employees of twenty-four-hour operations, nor are the Departments of Social Services and Mental Health excepted from the policy.

"The Commission's minutes of November 30, 1971, illuminate the reasoning behind the policy. It was designed to guarantee uniform treatment to all employees. The minutes read as follows when explaining the rationale for the policy revision:

" 'The other policy change amends Item II, a, 2, which is intended to foster equity of treatment for employees in the various departments and give some measure of local control in decision making.'

"The written procedure read in conjunction with the 'legislative intent' of the Commission indicates that the measure was designed to guarantee uniform treatment to all employees. Based on this intent, the employees in this case are entitled to administrative leave.

"The Commission contends that there is an exception for seven-day, twenty-four-hour-per-day institutions. It asserts that administrative leave can be granted only when the appointing authority closes its office and suspends business operations because of emergency conditions and that, in fact, in the case at hand, the facilities could not and were not closed due to the twenty-four-hour nature of the operations.

"The Commission's interpretation of the policy is not unreasonable; however, it is contrary to the express intent of the rule. In the *Arnold* case, *supra,* the facts were essen tially the same. There was a severe storm and workers at a twenty-four-hour institution applied

for and were denied administrative leave. The only difference between *Arnold* and the instant case is that all the workers in *Arnold* were administrative (clerical) workers not essential to the operation of the facility. In *Arnold* the court said that:

" 'To merely indicate that the Department of Corrections had not closed the facility without looking at the underlying factual basis which might predicate action to close this facility, would, of course, be arbitrary and capricious, and therefor unlawful.'

"The Court went on to discuss the emergency conditions and the fact that the affected department would not be 'crippled' due to the inability of the employees to get to work. The Court in *Arnold* awarded administrative leave.

"In the case at hand, the emergency conditions were more extreme than those in *Arnold.* The employees could not possibly get to their respective work stations, and there were ample employees at the institutions when the storm struck, to maintain operations until relief was available.

"Defendant argues that the twenty-four-hour institution-exception should be upheld in order to motivate all employees to reach their work stations so as to relieve exhausted employees. This argument is without merit in emergency situations, as in the instant case where it is physically impossible to reach the work station.

"The State decided it would accept the economic loss suffered by employees in emergency situations by adopting the policy granting administrative leave. In the opinion of the Court, it is discriminatory as to the twenty-four-hour-institution employees to treat them differently than other Civil Service employees unless specifically spelled out in the applicable rule. Such is not the case here.

"Moreover, in the opinion of the Court, the Commission abused its discretion and acted arbitrarily in affirming conflicting decisions dealing with the subject matter of this case, rather than adopting a consistent position as to all employees affected by this particular storm.

"The Commission's decision of January 13, 1976, is in

violation of its own rule and policy as expressed by the underlying 'legislative intent.' The decision is not supported by competent, material and substantial evidence on the whole record and is arbitrary. The Commission unquestionably has broad discretionary powers, but it cannot act arbitrarily. *Bischoff v Wayne County,* 320 Mich 376; 31 NW2d 798 (1948).

"The decision of the hearing officer as affirmed by the Commission is reversed."