BAYS v DEPARTMENT OF STATE POLICE

Docket No. 55028. Submitted June 1, 1982, at Detroit.—Decided
September 22, 1982. Leave to appeal applied for.

Michigan State Police Detective Sergeant George Bays and sev-
eral other state police officers brought an action in the Court of
Claims against the Department of State Police and the Depart-
ment of Civil Service, alleging that they were entitled to
compensation for so-called "on-call" time. The Court of Claims
found for plaintiffs and the Court of Appeals reversed and
remanded to the Civil Service Commission for exhaustion of
administrative remedies. 89 Mich App 356 (1979). The commis-
sion conducted a hearing and denied the plaintiffs' claims for
compensation. Plaintiffs appealed to the Wayne Circuit Court,
which affirmed, John H. Hausner, J. Plaintiffs appeal, alleging,
*inter alia,* that the Civil Service Commission improperly dele-
gated its power to make compensation decisions to an appoint-
ing authority, herein the Department of State Police. *Held:*

1. The commission's actions clearly indicate that it retained
the ultimate power over the decisions in this matter. So long as
such ultimate power is retained, no improper delegation occurs.

2. The determinations of an appointing authority regarding
conditions of employment are generally presumed to be valid in
the absence of contrary regulations issued by the commission.
In this case no commission rule or regulation required payment
of compensation for "stand-by" or "on-call" time. Moreover, the
commission's failure to adopt such a rule or regulation was
within the commission's power.

3. The commission's comparison of analogous factual situa-
tions arising under federal law in reaching its decision was
clearly within the broad scope of its authority to decide matters
of compensation.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 15A Am Jur 2d, Civil Service § 79.
[2, 3] 15A Am Jur 2d, Civil Service § 8.
[3] 15A Am Jur 2d, Civil Service § 10.

1. CIVIL SERVICE — CONSTITUTIONAL LAW.

    The Michigan Constitution gives the Civil Service Commission broad discretion over most aspects of civil service employment; therefore, the scope of judicial review of commission decisions is very narrow (Const 1963, art 11, § 5).

2. CIVIL SERVICE — DELEGATION OF POWER.

    The Civil Service Commission does not improperly *delegate its* power to make decisions regarding employee compensation by allowing an appointing authority to make such determinations so long as the commission retains the ultimate power to decide the matter.

3. CIVIL SERVICE — CONDITIONS OF EMPLOYMENT — APPOINTING AUTHORITY.

    Generally, an appointing authority's determinations affecting conditions of employment are presumed to be valid in the absence of a contrary regulation issued by the Civil Service Commission.

*James F. Finn,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Varda N. Fink* and *Thomas A. Kulick,* Assistants Attorney General, for defendants.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiffs appeal the circuit court's decision affirming the denial of their claim for compensation by the state Civil Service Commission. Plaintiffs, 15 state police officers, sought compensation for scheduled "on-call" time, time in which their activities and travel were limited. Plaintiffs were required to remain easily accessible (generally by being near a telephone) on certain evenings and weekends. The "on-call" officer was available for both consultation and call back to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

work. Evidence before the commission showed that being "on-call" significantly limited plaintiffs' activities in their off-duty hours.

This dispute has a long history. In the early 1970's several officers (including at least one plaintiff) filed grievances concerning the "on-call" policy. While at least one grievance was heard by a Civil Service Commission hearing officer, none was presented to the commission itself. The present plaintiffs brought suit in the Court of Claims. That court found that the officers were entitled to compensation for "on-call" hours. This Court reversed, holding that plaintiffs had failed to exhaust their administrative remedies before the commission. *Bays v Dep't of State Police,* 89 Mich App 356; 280 NW2d 526 (1979). The case was remanded to the Civil Service Commission, which appointed a hearing officer to take evidence. The hearing officer denied the claim and his decision was affirmed by the commission. On plaintiffs' appeal to the circuit court, the commission's decision was found to be supported by competent, material, and substantial evidence, and was affirmed. We affirm.

We begin by noting that the Michigan Constitution gives the commission broad discretion over most, if not all, aspects of civil service employment. Const 1963, art 11, § 5. Accordingly, the scope of judicial review of commission decisions is very narrow. *Crider v Michigan,* 110 Mich App 702, 716; 313 NW2d 367 (1981).

Plaintiffs claim that the Civil Service Commission improperly delegated its power to make compensation decisions to an appointing authority, in this case the Department of State Police. We are not certain that the delegation doctrine applies to the commission's decisions on compensation. We view the claim as one that the commission abdi-

cated its responsibility for decisions with which it is charged by the constitution. Const 1963, art 11, § 5. Our review of the record shows no such abdication. While the commission did rely on the absence of a request for an "on-call" compensation policy from the appointing authority, the commission's actions clearly indicate that it retained the ultimate power to decide this matter. So long as the commission retains ultimate power over those decisions with which it is charged, no improper delegation occurs. Generally, an appointing authority's determinations affecting conditions of employment are presumed valid in the absence of a contrary regulation issued by the Civil Service Commission. *Michigan State Employees Ass'n v Civil Service Comm,* 91 Mich App 135, 139; 283 NW2d 672 (1979).

Plaintiffs' reliance on *Michigan State Employees Ass'n v Civil Service Comm,* 93 Mich App 469; 287 NW2d 270 (1979), is misplaced. This Court held, in that case, that two groups of classified employees could not be treated differently under a commission rule where no reason for the different treatment appeared in the rule. In that case, the rule in question purported to cover all classified employees. Plaintiffs in the present case have presented no such rule on which to rest their claim. The commission possesses plenary power over the conditions of employment in the state classified service. In subjecting classes of employees to differing treatment, its only restraints are contained in the state and federal constitutions.

We hold that the Civil Service Commission was correct in determining that none of its rules and regulations required compensation to be paid plaintiffs for "stand-by" time. This finding was not contrary to law. The commission also found that

there was no prior understanding in the nature of a contract that officers would be compensated for "on-call" time. This finding was supported by competent, material, and substantial evidence on the whole record. The circuit judge correctly affirmed it.

The commission's failure to adopt a rule providing for compensation for scheduled "on-call" time in plaintiffs' situation was within the commission's plenary and exclusive authority to fix rates of compensation for all classes of positions and regulate all conditions of employment in the classified service. Const 1963, art 11, § 5; *Crider v Michigan,* 110 Mich App 702, 723, 725; 313 NW2d 367 (1981). We reject plaintiffs' contention that the commission erred by considering federal law in reaching its decision on compensation. The commission clearly did not hold itself bound by federal law. Comparison of analogous factual situations arising under federal law was clearly within the broad scope of the commission's authority to decide compensation matters.

Because of our affirmance of the decisions of the circuit court and commission, it is unnecessary to address plaintiffs' claims on appeal concerning relief.

Affirmed. No costs, this being a question of first impression.