AVANT v NATIONAL BANK OF DETROIT

1. ACTION—CIVIL RIGHTS—DAMAGES—DISCRIMINATION—PRIVATE EM-
   PLOYMENT—LABOR RELATIONS.

   A plaintiff can maintain a civil damage action for redress of his
   statutorily created right to be free from discrimination in
   private employment, and this remedy may be pursued in addi-
   tion to the remedial machinery provided by statute.

2. CIVIL RIGHTS—JUDICIAL REMEDIES—DAMAGES—DISCRIMINATION—
   PRIVATE EMPLOYMENT—DEPARTMENT OF CIVIL RIGHTS—ADMIN-
   ISTRATIVE LAW.

   A plaintiff may avail himself of a judicial remedy to recover
   compensation for damage suffered by reason of discrimination
   in private employment even though a complaint, alleging es-
   sentially the same facts, filed by the plaintiff with the Michigan
   Department of Civil Rights is pending when the suit is begun.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted November 1, 1977, at Detroit. (Docket No.
77-479.) Decided February 23, 1978. Leave to ap-
peal applied for.

Complaint by Billie Avant against the National
Bank of Detroit seeking damages for discrimina-
tion in private employment. Defendant's motions
for summary and accelerated judgments were de-
nied. Defendant appeals by leave granted. Af-
firmed.

*Ovander W. Stoner,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 15 Am Jur 2d, Civil Rights § 293.
    Fair employment statutes designed to eliminate racial, religious, or
        national origin discrimination in private employment. 44 ALR2d
        1138.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Bettye S. Elkins* and *Seth M. Lloyd), for defendant.

Before: BEASLEY, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

PER CURIAM. On February 4, 1976, plaintiff filed a complaint with the Michigan Department of Civil Rights claiming that because of her sex and race she was unfairly demoted and bypassed for a merit increase. While the matter was pending, on May 6, 1976, plaintiff started a suit for damages alleging essentially the same facts. Defendant filed motions for summary judgment and accelerated judgment, which were denied.

Defendant appeals by leave granted claiming that plaintiff has failed to exhaust her administrative remedies before the Michigan Department of Civil Rights.

The claim is without merit. *Pompey v General Motors Corp* controls.[1] We are not persuaded that *Michigan Civil Rights Commission v Clark* requires a different result here.[2] An additional reason for affirmance here is the subsequent voluntary dismissal of the proceeding before the Michigan Department of Civil Rights. We affirm denial of the motions for summary judgment and accelerated judgment.[3]

Affirmed, with costs.

[1] 385 Mich 537, 560; 189 NW2d 243 (1971), where the Court said:

"We hold that plaintiff can maintain a civil damage action for redress of his statutorily created right to be free from discrimination in private employment, and that this remedy may be pursued in addition to the remedial machinery provided by statute."

[2] 390 Mich 717, 724, n 3; 212 NW2d 912 (1973).

[3] It should be noted that we express no opinion here regarding the manifold issues concerning such matters as possible consolidation, overlapping or inconsistent relief, duplicate damage awards, and the like.