CONSTANTINOFF v EMMA L BIXBY HOSPITAL

Docket No. 54302. Submitted June 11, 1981, at Lansing.—Decided December 1, 1981.

Helen Constantinoff filed a complaint in Lenawee Circuit Court seeking injunctive and other relief against Emma L. Bixby Hospital for alleged violations of the Michigan Handicappers' Civil Rights Act. She also filed a similar complaint with the Michigan Civil Rights Commission. The court, Kenneth B. Glaser, J., dismissed the action without prejudice to plaintiff's right to reinstitute the complaint if plaintiff should happen to involuntarily dismiss the Civil Rights Commission action without an adjudication on the merits. The rationale for the dismissal was that the circuit court could not exercise jurisdiction over the matter as long as plaintiff had a complaint pending before the Civil Rights Commission. Plaintiff appeals. *Held:*

A circuit court cannot decline jurisdiction of a civil rights action alleging sex discrimination even though an action based on the same facts is pending with the Civil Rights Commission. A complaint alleging an act prohibited by the Handicappers' Civil Rights Act is subject to the same procedures as a complaint arising under the Elliott-Larsen Civil Rights Act, under which the Civil Rights Commission has ruled that, where such a proceeding is pending in both the circuit court and before the commission, the commission or department involved may, in its discretion, delay consideration or action on the complaint. Plaintiff claimed in the trial court that the commission had deferred action on the complaint before it, pending resolution of the circuit court action. If this is true, plaintiff should not be barred from pursuing her statutory remedies in circuit court.

Reversed and remanded.

1. CIVIL RIGHTS — SEX DISCRIMINATION — CIRCUIT COURT — CIVIL RIGHTS COMMISSION — CONCURRENT JURISDICTION.

A circuit court cannot decline jurisdiction of a civil rights action

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 2 Am Jur 2d, Administrative Law §§ 778, 784-787.

15 Am Jur 2d, Civil Rights §§ 352, 362, 365.

alleging sex discrimination even though an action based on the same facts is pending with the Civil Rights Commission.

2. CIVIL RIGHTS — SEX DISCRIMINATION — DISCRIMINATION BASED ON HANDICAPS — CIRCUIT COURT — CIVIL RIGHTS COMMISSION.

No distinction can be drawn between discrimination based on sex and discrimination based on a handicap in determining whether a circuit court or the Civil Rights Commission is the proper forum in which to bring an action based on the alleged discrimination.

3. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — CIVIL RIGHTS ACT — CIRCUIT COURT — CIVIL RIGHTS COMMISSION — CONCURRENT JURISDICTION.

A complaint alleging an act prohibited by the Handicappers' Civil Rights Act is subject to the same procedure as a complaint arising under the Elliott-Larsen Civil Rights Act, under which the Civil Rights Commission has promulgated a rule governing the concurrent filing of complaints alleging the same facts with the Civil Rights Commission and in the circuit court; the rule provides that where such a proceeding is pending in both forums, the commission or department involved may, in its discretion, delay consideration or action on the complaint filed pending resolution of the circuit court action (MCL 37.1101 *et seq.*, 37.2101 *et seq.*; MSA 3.550[101] *et seq.*, 3.548[101] *et seq.*; 1979 AC, R 37.4[4][e]).

*Donald J. Morbach & Associates, P.C.* (by *Lucetta F. Selecky)*, for plaintiff.

*Robertson, Bartlow, DeChenes & Sauter, P.C.,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. Plaintiff brought a complaint in circuit court seeking injunctive and other relief for violations of § 202 of the Michigan Handicappers' Civil Rights Act, MCL 37.1202; MSA 3.550(202). She filed a similar complaint with the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Michigan Civil Rights Commission. Defendant claimed that the circuit court could not exercise jurisdiction so long as plaintiff's complaint with the Civil Rights Commission remained pending. The judge agreed, dismissing the action without prejudice to plaintiff's right to reinstitute the complaint if she should happen to involuntarily dismiss the complaint before the Civil Rights Commission without an adjudication on the merits. The trial judge held that considerations of judicial economy required that plaintiff be denied the opportunity to pursue an action in one forum while an action in another forum remained pending. Plaintiff appeals by right.

We reverse. This Court has held that a circuit court cannot decline jurisdiction of a civil rights action alleging sex discrimination even though an action based on the same facts is pending with the Civil Rights Commission. *Avant v National Bank of Detroit,* 81 Mich App 543; 265 NW2d 410 (1978). See also *Strachan v Mutual Aid & Neighborhood Club, Inc,* 81 Mich App 165, 174-176; 265 NW2d 66 (1978) (MAHINSKE, J., *dissenting), rev'd on other grounds* 407 Mich 928; 285 NW2d 297 (1979). Although the Court in *Avant, supra,* noted that an additional reason supporting its holding was the subsequent voluntary dismissal of plaintiff's complaint with the Civil Rights Commission, the language of the Court clearly indicates that the absence of this factor would not have led to a different result. For purposes of determining this jurisdictional question, no distinction can be drawn between discrimination based on sex and discrimination based on a handicap. See *Holmes v Haughton Elevator Co,* 404 Mich 36, 42-43; 272 NW2d 550 (1978).

This Court, in *Avant, supra,* properly relied on the strong policy favoring direct and immediate

access to the courts for plaintiffs making civil rights claims, as recognized by the Supreme Court in *Pompey v General Motors Corp,* 385 Mich 537, 558-559; 189 NW2d 243 (1971). This policy is embodied in our constitution (Const 1963, art 5, § 29), in the Elliott-Larsen Civil Rights Act (MCL 37.2803; MSA 3.548[803]) and in the Handicappers' Civil Rights Act (MCL 37.1607; MSA 3.550[607]). See also *Barczak v Rockwell International Corp,* 68 Mich App 759, 765; 244 NW2d 24 (1976), and *Civil Rights Comm v Chrysler Corp,* 64 Mich App 393, 407; 235 NW2d 791 (1975).

We also reject defendant's claim that the exercise of concurrent jurisdiction by the circuit court impermissibly subjects it to the possibility of inconsistent verdicts. A complaint alleging an act prohibited by the Handicappers' Civil Rights Act is subject to the same procedures as a complaint arising under the Elliott-Larsen Civil Rights Act. MCL 37.1605; MSA 3.550(605). Section 601 of the Elliott-Larsen Civil Rights Act empowers the commission to promulgate rules to carry out that act. MCL 37.2601(1)(f); MSA 3.548(601)(1)(f). The Civil Rights Commission, acting under that authority, has promulgated a rule governing the concurrent filing of complaints alleging the same facts with the commission and in the circuit court. Referring to a circuit court proceeding, 1979 AC, R 37.4(4)(e) states, "Where such a proceeding is pending, the commission or department may, in its discretion, delay consideration or action on the complaint filed". In the trial court, plaintiff orally claimed that the commission had deferred action on the complaint before it, pending the resolution of the circuit court action. So long as plaintiff can secure a deferral of consideration by the commission, she should not be barred from pursuing her statutory remedies in circuit court.

In light of our disposition of the case, it is unnecessary to address plaintiff's other claim on appeal.

Reversed and remanded. Costs to plaintiff.