MARSH v DEPARTMENT OF CIVIL SERVICE

Docket No. 72889. Submitted June 5, 1984, at Lansing.—Decided May 7, 1985. Leave to appeal applied for.

Plaintiff, Linda K. Marsh, brought an action in the Ingham Circuit Court against the Departments of Civil Service and Treasury alleging that she was denied three promotions with the Treasury Department because of discrimination based on sex, race and an asthma handicap. She alleged that two of the promotions she sought were given to other persons despite her higher test scores on Civil Service examinations for those positions. When plaintiff was first denied a promotion, allegedly because of racial discrimination, she used the full civil service grievance procedures, including an appeal to the Civil Service Commission. A final decision denying her grievances was rendered and was not appealed. Plaintiff also filed a grievance alleging discrimination based on her handicap. She received a denial after a hearing before a civil service hearing officer, but did not further pursue her grievance by appealing to the Civil Service Commission. Upon plaintiff's failure to receive a third promotion, allegedly because of sex discrimination, plaintiff did not file a grievance, but filed suit in circuit court alleging constitutional and statutory violations. The circuit court, Robert Holmes Bell, J., granted defendant Civil Service Department's motion for accelerated judgment, finding that the court lacked original subject matter jurisdiction to hear plaintiff's claims. It held that plaintiff's sole initial remedy was through the internal grievance procedures of the Civil Service Commission. Although the issue of a right to a jury trial under the Elliott-Larsen and Handicappers' Civil Rights Acts was rendered moot, the court noted that previous circuit court opinions

REFERENCES FOR POINTS IN HEADNOTES

[1] 15A Am Jur 2d, Civil Service §§ 19, 20, 84.

[2, 3] 15 Am Jur 2d, Civil Rights §§ 98 et seq., 154 et seq., 248.5.
Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

[3] 15 Am Jur 2d, Civil Rights § 414 et seq.

[4] 16A Am Jur 2d, Constitutional Law § 101.

[5] 15 Am Jur 2d, Civil Rights § 261.

[6] 15 Am Jur 2d, Civil Rights § 411.

had held that there was no right to a jury trial under these acts. Plaintiff appealed. *Held:*

1. State classified civil service employees may bring an action in the circuit court to enjoin the Department of Civil Service from violating Const 1963, art 11, § 5.

2. An employee aggrieved by an employer's violation of the Handicappers' or Elliott-Larsen Civil Rights Act may (1) file a complaint with the Department of Civil Rights to be heard by the commission, (2) bring a civil action in circuit court for appropriate injunctive relief and damages, and (3) is not precluded from other remedies. Exhaustion of administrative remedies is not a prerequisite to an action in circuit court. Jurisdiction of the circuit court and the Civil Rights Commission over civil rights claims is concurrent and an aggrieved party may proceed in both forums simultaneously.

3. The constitutional prohibition against legislation for resolution of employment disputes of the classified civil service does not extend to the area of employment discrimination.

4. A plaintiff suing under the Elliott-Larsen Civil Rights Act has a right to a jury trial.

Reversed and remanded.

1. CIVIL SERVICE — ACTIONS — CLASSIFIED EMPLOYEES — CONSTITUTIONAL LAW — INJUNCTIONS.

State classified civil service employees may bring an action in the circuit court to enjoin the Department of Civil Service from violating (Const 1963, art 11, § 5).

2. CIVIL RIGHTS — CIVIL SERVICE — HANDICAPPERS' CIVIL RIGHTS ACT — ELLIOTT-LARSEN CIVIL RIGHTS ACT.

The Handicappers' and Elliott-Larsen Civil Rights Acts apply to the state and its subdivisions and agencies to prohibit discrimination on the basis of handicap, sex or race (MCL 37.1101 *et seq.*, 37.2101 *et seq.*; MSA 3.550[101] *et seq.*, 3.548[101] *et seq.*).

3. CIVIL RIGHTS — REMEDIES — HANDICAPPERS' CIVIL RIGHTS ACT — ELLIOTT-LARSEN CIVIL RIGHTS ACT — JURISDICTION.

An employee of the state or its subdivisions and agencies aggrieved by an employer's violation of the Handicappers' or Elliott-Larsen Civil Rights Act may (1) file a complaint with the Department of Civil Rights to be heard by the commission, (2) bring a civil action in circuit court for appropriate injunctive relief and damages, and (3) is not precluded from other remedies; exhaustion of administrative remedies is not a prerequisite to an action in circuit court; jurisdiction of the circuit court and the Civil Rights Commission over civil rights claims is

concurrent and an aggrieved party may proceed in both forums simultaneously (MCL 37.1605, 37.2601-37.2605, 37.1606, 37.2801, 37.1607, 37.2705; MSA 3.550[605], 3.548[601]-3.548[605], 3.550[606], 3.548[801], 3.550[607], 3.548[705]).

4. CONSTITUTIONAL LAW — JUDICIAL CONSTRUCTION.

Provisions of the Constitution should be read in context and harmonized to give effect to all.

5. CIVIL SERVICE — CIVIL RIGHTS — CONSTITUTIONAL LAW.

The constitutional prohibition against legislation for resolution of employment disputes of the classified civil service does not extend to the area of employment discrimination (Const 1963, art 1, § 2; art 4, § 48; art 5, § 29).

6. CIVIL RIGHTS — JURY TRIAL — CONSTITUTIONAL LAW.

A plaintiff suing under the Elliott-Larsen Civil Rights Act has a right to a jury trial (Const 1963, art 1, § 14).

*G. B. Phillips,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt* and *Robert S. Welliver,* Assistants Attorney General, for defendants.

Before: GRIBBS, P.J., and BRONSON and SHEPHERD, JJ.

PER CURIAM. Plaintiff appeals the circuit court's order granting defendants' motion for accelerated judgment pursuant to GCR 1963, 116.1(2). The circuit court found that it lacked subject matter jurisdiction to hear plaintiff's claims of employment discrimination. We reverse.

Plaintiff's complaint alleged that she was denied three promotions with the Department of Treasury because of discrimination based on sex, race and her asthma handicap. Plaintiff alleged that two of the promotions she sought were given to other persons, despite her higher test scores on Civil Service examinations for those positions. When

plaintiff was first denied a promotion, allegedly because of racial discrimination, she used the full civil service grievance procedures, including an appeal to the Civil Service Commission. A final decision denying her grievances was rendered on December 6, 1982. This decision, appealable to the circuit court, was not appealed within the 60-day time limit. Plaintiff also filed a grievance alleging discrimination based on her handicap. She received a denial after a hearing before a civil service hearing officer, but did not further pursue her grievance by appealing to the Civil Service Commission. Upon plaintiff's failure to receive a third promotion, allegedly because of sex discrimination, plaintiff did not file a grievance, but filed suit in circuit court alleging constitutional and statutory violations. Plaintiff's complaint alleged violation of Const 1963, art 11, § 5 and violation of the Michigan civil rights act, specifically the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* and the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.* Plaintiff's complaint further alleged that pursuit of her grievances with the Civil Service Commission would be futile. Plaintiff also sought a jury trial on her claims for damages for violations of the Elliott-Larsen and Handicappers' Civil Rights Acts.

The circuit court granted defendant Civil Service Department's motion for accelerated judgment pursuant to GCR 1963, 116.1(2), finding that the court lacked original subject matter jurisdiction to hear plaintiff's claims. It held that plaintiff's sole initial remedy was through the internal grievance procedures of the Civil Service Commission.[1] Although the issue of a right to a jury trial

[1] The circuit court has jurisdiction to hear appeals from the Civil

under the Elliott-Larsen and Handicappers' Civil Rights Acts was rendered moot, the court noted that previous circuit court opinions had held that there was no right to a jury trial under these acts.

We reverse and hold that employees of the state classified civil service may directly bring suit in the circuit court to enjoin the Department of Civil Service from violating Const 1963, art 11, § 5. We also hold that the Elliott-Larsen and Handicappers' Civil Rights Acts apply to state classified civil service employees. These acts provide that employees may maintain suit for injunctive relief and/or damages for violations of their provisions. We further hold that plaintiff is entitled to a jury trial on her Elliott-Larsen and Handicappers' Civil Rights Acts claims.

## VIOLATION OF CONST 1963, ART 11, § 5

Const 1963, art 11, § 5 creates the Civil Service Commission and requires the commission to *"determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service,* make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service" (emphasis added). This section further provides that: "No person shall be appointed to or promoted in the classified service who has not been certified by the commission as qualified for such appointment or promotion. *No appointments, promotions or removals in the clas-*

Service Commission, Const 1963, art 6, § 28; *Viculin v Dep't of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971). The question at bar, however, is whether the Elliott-Larsen and Handicappers' Civil Rights Acts, which provide for direct access to the circuit court, apply to the state classified civil service.

*sified service shall be for religious, racial or partisan considerations"* (emphasis added).

The judicial remedies provisions of this section provide that the "[v]iolation of any of the provisions hereof may be restrained or observance compelled by injunctive or mandamus proceedings brought by *any citizen* of the state" (emphasis added). Pursuant to this final provision, the circuit court had jurisdiction to entertain plaintiff's request for injunctive relief for any violation of art 11, § 5. *Calcatera v Civil Service Comm,* 52 Mich App 27, 30-31; 216 NW2d 613 (1974), *lv den* 391 Mich 827 (1974); see also *Reed v Civil Service Comm,* 301 Mich 137; 3 NW2d 41 (1942).

CIVIL RIGHTS ACTS VIOLATIONS

Under the Michigan civil rights acts, specifically the Handicappers' and Elliott-Larsen Civil Rights Acts, employers are prohibited from discriminating against individuals on the basis of handicap, sex or race. MCL 37.1202; MSA 3.550(202); MCL 37.2202; MSA 3.548(202). The state and its subdivisions and agencies are employers covered by these acts. MCL 37.1201; MSA 3.550(201); MCL 37.2103-37.2201; MSA 3.548(103)-3.548(201). An individual aggrieved by an employer's violation of these acts may (1) file a complaint with the Department of Civil Rights to be heard by the commission, MCL 37.1605; MSA 3.550(605); MCL 37.2601-37.2605; MSA 3.548(601)-3.548(605), (2) bring a civil action in circuit court for appropriate injunctive relief and/or damages, MCL 37.1606; MSA 3.550(606); MCL 37.2801; MSA 3.548(801), and (3) is not precluded from other remedies. MCL 37.1607; MSA 3.550(607); MCL 37.2705; MSA 3.548(705). Exhaustion of administrative remedies with the Department of Civil Rights is unnecessary prior to filing

suit in the circuit court. Jurisdiction of the Civil Rights Commission and the circuit court over civil rights claims is concurrent, and an aggrieved individual may proceed simultaneously in both forums. *Constantinoff v Emma L Bixby Hospital,* 111 Mich App 575; 314 NW2d 698 (1981).

Since the Handicappers' and Elliott-Larsen Civil Rights Acts provide direct access to the circuit court, the dispositive question is whether these acts apply to the state classified civil service.[2]

Although the Michigan Handicappers' and Elliott-Larsen Civil Rights Acts clearly apply to the state as an employer, the Department of Civil Service argues that they do not apply to state employees in the state classified civil service. It contends that these acts cannot apply to classified civil servants because state constitutional provisions supersede and preempt any legislation regarding employment conditions of the classified civil service.

Const 1963, art 11, § 5 provides that the Civil Service Commission shall "make rules and regulations concerning all personnel transactions and *regulate all conditions of employment in the classified service*" (emphasis added). Const 1963, art 4, § 48, provides that "[t]he legislature may enact laws providing for the resolution of disputes concerning public employees, *except those in the state classified civil service*" (emphasis added). The Convention comment states that: "[t]he state classified civil service is exempted because the constitution has specific provisions in this area". The Michigan Supreme Court has also held that the "Michigan

---

[2] Even prior to the specific provisions providing for suits in the circuit court, the Michigan Supreme Court found that aggrieved employees were entitled to initiate suits in circuit court for violations of statutory civil rights. See *Pompey v General Motors Corp,* 385 Mich 537; 189 NW2d 243 (1971); *Holmes v Haughton Elevator Co,* 404 Mich 36; 272 NW2d 550 (1978).

Civil Service Commission has *plenary and absolute powers in its field",* and "may determine, consistent with due process, the procedure by which a state civil service employee may review his grievance" (emphasis added).[3] *Viculin v Dep't of Civil Service,* 386 Mich 375, 393, 398; 192 NW2d 449 (1971).

Basing its argument on these constitutional provisions and *Viculin,* the Department of Civil Service contends that the civil rights acts do not apply to the classified civil service, and that the dispute at bar must proceed through the internal grievance procedures of the Civil Service Commission, which has exclusive jurisdiction over employment disputes of classified civil servants. We disagree.

This Court has previously rejected identical arguments raised by the Department of Civil Service and applied the civil rights acts to the state classified civil service,[4] holding that the Civil Service Commission does not have absolute power or exclusive jurisdiction in the area of job discrimination. *Dep't of Civil Rights ex rel Jones v Dep't of Civil Service,* 101 Mich App 295; 301 NW2d 12 (1980), *lv den* 411 Mich 1034 (1981). In *Dep't of Civil Rights ex rel Jones,* employees of the classified civil service, apparently without resorting to civil service grievance procedures,[5] filed a com-

---

[3] An allegation of discrimination in employment is perhaps not best characterized as an employment dispute or grievance, nor the eradication of discrimination best viewed as the "field" of the Civil Service Commission.

[4] We again point out that, if the Elliott-Larsen and Handicappers' Civil Rights Acts apply to employees of the state classified civil service, these employees necessarily have access to the circuit court as provided for by these acts. MCL 37.1606; MSA 3.550(606); MCL 37.2801; MSA 3.548(801).

[5] The Department of Civil Service also argued in the circuit court, but not on appeal, that plaintiff was required to exhaust her administrative remedies with the civil service prior to filing suit in the circuit

plaint with the Department of Civil Rights against the Department of Civil Service. The employees alleged that the civil service's denial of long-term disability benefits for pregnancy-related disability constituted sex discrimination and violated the Fair Employment Practices Act (FEPA), MCL 423.301 *et seq.;* MSA 17.458(1) *et seq.,* now repealed and replaced by the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.;* 1976 PA 453. This Court held that the Civil Rights Commission had jurisdiction over the discrimination claims brought by the classified civil service employees, and that the Civil Service Department's denial of benefits had violated the antidiscrimination provisions of FEPA and its successor, the Elliott-Larsen Civil Rights Act. *Dep't of Civil Rights ex rel Jones,* pp 301-304.

This Court reasoned:

"An elementary precept of constitutional construction is that its primary objective is to ascertain and to give effect to the intent of the people adopting it.

"The establishment of the CRC expressed the intent of the people of Michigan to end invidious forms of discrimination through the efforts of a single commission. If civil service had exclusive jurisdiction over all employment concerns, the result would be to weaken the authority of the CRC to carry out its constitutional mandate to end discrimination." *Dep't of Civil Rights ex rel Jones, supra,* p 301 (footnotes omitted).

We agree with this reasoning and find further support in other provisions of our constitution.

court. Although exhaustion, unless futile, is required prior to appealing to the circuit court, *Bays v Dep't of State Police,* 89 Mich App 356; 280 NW2d 526 (1979), *after rem* 119 Mich App 719; 326 NW2d 620 (1982), *lv den* 417 Mich 1023 (1983), the question before us is whether the Elliott-Larsen and Handicappers' Civil Rights Acts apply to the state classified civil service, thereby giving the circuit court and the Civil Rights Commission original, concurrent jurisdiction over discrimination claims brought by classified civil service employees.

Although Const 1963, art 4, § 48, precludes the Legislature from enacting laws providing for the resolution of employment disputes concerning public employees in the state classified civil service, this provision must be read in conjunction with the provision creating the Civil Rights Commission and the equal protection/antidiscrimination provision of our constitution. Provisions of the constitution should be read in context, not in isolation, and they should be harmonized to give effect to all. *Saginaw County v State Tax Comm,* 54 Mich App 160; 220 NW2d 706 (1974); *vacated on other grounds* 393 Mich 779; 224 NW2d 283 (1974), *aff'd sub nom Emmet County v State Tax Comm* 397 Mich 550; 244 NW2d 909 (1976).

The Civil Rights Commission was created by Const 1963, art 5, § 29, which provides:

"It shall be the *duty of the commission in a manner which may be prescribed by law to investigate alleged discrimination against any person because of religion, race, color or national origin in the enjoyment of the civil rights guaranteed by law and by this constitution, and to secure the equal protection of such civil rights without such discrimination.*

\*   \*   \*

"The commission shall have power, in accordance with the provisions of this constitution and of general laws governing administrative agencies, to promulgate rules and regulations for its own procedures, to hold hearings, administer oaths, through court authorization to require the attendance of witnesses and the submission of records, to take testimony, and to issue appropriate orders. *The commission shall have other powers provided by law to carry out its purposes.* Nothing contained in this section shall be construed to diminish the right of any party to direct and immediate legal or equitable remedies in the courts of this state." (Emphasis added.)

This provision requires the commission to inves-

tigate discrimination and to secure the civil rights guaranteed by law and the constitution of *any* person. It does not exclude the classified civil service. The Elliott-Larsen Civil Rights Act, which created and expanded civil rights[6] of freedom from employment discrimination based upon religion, race, color, national origin, sex, height or marital status, implemented this constitutional provision.[7] The Handicappers' Civil Rights Act created statutory civil rights for handicappers and extended the Civil Rights Commission's jurisdiction to discrimination based on handicap. *Constantinoff, supra,* p 577. Both acts specifically include the state as an employer, without distinguishing between the nonclassified and classified civil service.

The equal protection and antidiscrimination provision of the constitution, Const 1963, art 1, § 2, provides:

"No person shall be denied the equal protection of the law; *nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof* because of religion, race, color or national origin. *The legislature shall implement this section by appropriate legislation".* (Emphasis added).

Again, state classified civil service employees are not excluded from this protection, nor is the state

[6] Prior to the passage of the civil rights act, certain civil rights were already guaranteed by the common law and by statute. See *Ferguson v Gies,* 82 Mich 358; 46 NW 718 (1890); *Pompey, supra;* Fair Employment Practices Act, MCL 423.301 *et seq.;* MSA 17.458(1) *et seq.*

[7] The title to the Elliott-Larsen Civil Rights Act states:

"AN ACT to define civil rights; to prohibit discriminatory practices, policies, and customs in the exercise of those rights based upon religion, race, color, national origin, age, sex, height, weight, or marital status; to preserve the confidentiality of records regarding arrest, detention, or other disposition in which a conviction does not result; to prescribe the powers and duties of the civil rights commission and the department of civil rights; to provide remedies and penalties; and to repeal certain acts and parts of acts."

exempted from complying with implementing leg-
islation. See OAG, 1973-1974, No 4783, pp 65, 69-
70 (July 19, 1973). Under this provision, which not
only authorizes but demands legislation prohibit-
ing discrimination, the Legislature must provide
suitable statutory remedies for persons claiming to
have been the victims of discrimination. The Legis-
lature has done so with the passage of the civil
rights acts, which through the Elliott-Larsen and
Handicappers' Civil Rights Acts prohibits discrimi-
nation in public and private[8] employment on the
basis of race, sex or handicap.[9]

In light of these two constitutional provisions
prohibiting discrimination, securing the constitu-
tional and statutory civil rights of all persons, and
mandating implementation of these provisions by
the Legislature,[10] we hold that the prohibition of

[8] Although the Civil Service Commission stresses that cases dealing
with the jurisdiction of the circuit court to hear civil rights claims
involved private employment, see *Pompey, supra; Holmes, supra;
Constantinoff, supra,* the constitutional provisions are directly appli-
cable to the government, and legislation was needed to extend these
provisions to private employment. See *Pompey, supra,* pp 559-560, fn
20; Cramton, *The Powers of the Michigan Civil Rights Commission,*
63 Mich L Rev 5 (1964). Moreover, the implementing legislation
includes both private and public employers, specifically including the
state as an employer.

Although the plaintiff at bar proceeds with claims against her state
employer based on the Elliott-Larsen and Handicappers' Civil Rights
Acts, we note that aggrieved municipal employees have brought suits
for injunctive relief and damages directly under the equal protection
provisions of the Michigan and federal constitutions. See *Kewin v
Melvindale-Northern Allen Park Bd of Ed,* 65 Mich App 472; 237
NW2d 514 (1975); *Barry v Flint Fire Dep't,* 44 Mich App 602; 205
NW2d 627 (1973).

[9] Although the constitutional provisions specify race, but not sex or
handicap, whereas the implementing legislation includes all three
categories, our Courts have read the constitutional mandate to end
discrimination as applying to sex discrimination, *Dep't of Civil Rights
ex rel Jones, supra,* p 301, and jurisdictional questions involving civil
rights claims are to be identically resolved whether the discrimina-
tion is based on race, sex or handicap. *Constantinoff, supra,* p 577; see
also *Holmes, supra.*

[10] Even though suits against the state are generally brought in the
Court of Claims, rather than circuit court, MCL 600.6419; MSA

legislation for resolution of employment disputes of the classified civil service, Const 1963, art 4, § 48, does not extend to the area of employment discrimination. The classified civil service is not exempted from legislation prohibiting discrimination and securing civil rights in employment. Thus the Elliott-Larsen and Handicappers' Civil Rights Acts apply to employees of the classified civil service, and the Civil Rights Commission and circuit court have jurisdiction over discrimination claims of aggrieved employees.[11]

## JURY TRIAL

Plaintiff also asserts a right to a jury trial in suits alleging a violation of the civil rights acts. This issue has recently been resolved by this Court which has held that a right to jury trial attaches to claims brought pursuant to the civil rights acts.

27A.6419, equity claims for injunctive relief are properly brought before the circuit court, and the Legislature (through the civil rights acts) has provided for access to the circuit court for injunctive relief and damages against the state and its agencies as employers. See *Greenfield Construction Co v Dep't of State Highways,* 402 Mich 172, 195; 261 NW2d 718 (1978); *Crider v State of Michigan,* 110 Mich App 702; 313 NW2d 367 (1981), *lv den* 414 Mich 953 (1982). Suits against the state for employment discrimination pose no immunity from suit or liability problems since the state as an employer is subject to the provisions of the Elliott-Larsen and Handicappers' Civil Rights Acts which prohibit employment discrimination and allow actions to be brought in the circuit courts for such discrimination.

[11] We find unpersuasive the Department of Civil Service's argument that the classified civil service will now have too many avenues of recourse—the Civil Service Commission, the Civil Rights Commission and circuit court—in employment disputes which can lead to inconsistent determinations. Under the Elliott-Larsen and Handicappers' Civil Rights Acts, only employment discrimination claims, not all employment disputes, can be brought directly before the Civil Rights Commission and circuit court. We point out that the Civil Rights Commission can defer its determination until the circuit court proceedings are concluded. Perhaps a similar procedure can be implemented in the civil service grievance process.

We also note that the Department of Civil Service has not argued that plaintiff's original filing of a grievance with the Civil Service Commission constitutes an election of remedies.

See *King v General Motors Corp,* 136 Mich App 301; 356 NW2d 626 (1984), *lv applied for;* see also Michigan Standard Jury Instructions 105.01-105.04, approved for use January, 1985.

Reversed and remanded.