WALTERS v DEPARTMENT OF TREASURY

Docket No. 79780. Submitted October 2, 1985, at Lansing.—Decided
February 4, 1986. Leave to appeal applied for.

 Plaintiff, Catherine M. Walters, is a state classified employee of
defendant Department of Treasury. She filed a civil service
grievance after the defendant hired other individuals to fill
positions for which she had applied. Her grievance was denied
by a hearing officer. Plaintiff also filed employment discrimina-
tion charges against defendant Department of Treasury with
the Department of Civil Rights. The charges were dismissed
after the Department of Civil Rights' investigation failed to
disclose evidence of unlawful discrimination. Plaintiff appealed
the disposition of her civil service grievance to the Employment
Relations Board. The board remanded her grievance to the
hearing officer for further hearing and decision. While the civil
service appeal was still pending, plaintiff filed a complaint in
Genesee Circuit Court against defendants Treasury Depart-
ment, Robert A. Bowman, State Treasurer, C. Joyce Curtis,
Treasury Department Personnel Director, and Patricia L. Pick-
ett, Treasury Department Equal Employment Opportunity Offi-
cer, alleging: (1) that the department violated the Elliott-Larsen
Civil Rights Act by failing to follow its own affirmative action
and equal opportunity policies, failing to promote plaintiff and
failing to eliminate an atmosphere of sexual harassment; (2)
that plaintiff's right to equal protection had been denied; (3)
negligence; and (4) that plaintiff had been denied fair treatment
in the investigations. The circuit court, Judith A. Fullerton, J.,
granted summary judgment in favor of defendants Bowman
and Pickett and upon motions for accelerated judgment by
defendants ruled, in granting the motions, that it lacked sub-

REFERENCES

Am Jur 2d, Civil Service § 80.

Exhaustion of state administrative remedies as prerequisite to
federal civil rights action based on 42 USCS § 1983. 47 ALR Fed
15.

Exhaustion of remedies under Title VII (Equal Employment Oppor-
tunity) of Civil Rights Act of 1964 (42 USCS §§ 2000e *et seq.*) as
prerequisite to maintenance of action under 42 USCS § 1981 for
employment discrimination. 23 ALR Fed 895.

ject-matter jurisdiction because plaintiff, being a state classified civil service employee, was not entitled to maintain an action in circuit court under the Elliott-Larsen Civil Rights Act and that the rest of plaintiff's claims were for money damages which were within the exclusive jurisdiction of the Court of Claims. After her motion for reconsideration was denied, plaintiff appealed from that portion of the order granting accelerated judgment to defendants which denied her access in circuit court to assert a claim based on the Elliott-Larsen Civil Rights Act. *Held:*

State classified civil service employees may bring an original action under the Elliott-Larsen Civil Rights Act against the state and its agencies in circuit court for violations of their civil rights. Such employees need not exhaust their administrative remedies before the Civil Service Commission before proceeding in circuit court on their civil rights claims.

Reversed.

CIVIL SERVICE — CIVIL RIGHTS — ELLIOTT-LARSEN CIVIL RIGHTS ACT — ACTIONS.

State classified civil service employees may bring an original action under the Elliott-Larsen Civil Rights Act against the state and its agencies in circuit court for violations of their civil rights; such employees need not exhaust their administrative remedies before the Civil Service Commission before proceeding in circuit court on their civil rights claims (MCL 37.2101 *et seq.;* MSA 3.548[101] *et seq.).*

*Pelavin, Pelavin & Powers, P.C.* (by *Frumeth Brenda Hirsh,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Felix League,* and *Dianne Rubin,* Assistants Attorney General, for Intervenor Department of Civil Rights on behalf of plaintiff-appellant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Todd H. Cohan,* Assistant Attorney General, for defendant.

Before: M. J. KELLY, P.J., and ALLEN and R. M. SHUSTER,* JJ.

PER CURIAM. Plaintiff, Catherine M. Walters, brings this appeal as of right from a circuit court order granting accelerated judgment to defendant Michigan Department of Treasury (the department) as to Count I of her complaint. Her subsequent motion for reconsideration was denied. On appeal, we are asked to decide whether the circuit court erred in granting the department's motion for accelerated judgment on plaintiff's complaint that it discriminated against her on the basis of sex. We think the circuit court did err and we reverse its grant of accelerated judgment.

## A

Plaintiff is a classified employee who was hired by the Department of Treasury in October, 1976, as a "tax collection representative VII". In October, 1977, she was upgraded to the position of "tax collection representative IX". Plaintiff obtained a score of 93 on the civil service examination for "warrant officer VI" in February, 1980, and in May, 1981, she completed the civil service examination for "account examiner VII" with a score of 92.

In January, 1981, plaintiff was "on the register" for the positions of "tax collection representative X" and "tax collection representative XI", having scored 93 and 78 on the civil service examinations for those positions. When an opening for a warrant officer VI became available in the depart-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment, it was filled by Walter Roscoe, a white male.[1]

The department interviewed plaintiff for the position of "account examiner VII" in January, 1983. The account examiner positions in Flint and Saginaw were, however, filled by James Sailor, a black male, and Walter Roscoe, a white male. In response, plaintiff filed a civil service grievance on January 25, 1983. The hearing officer denied the grievance in August, 1983, claiming that plaintiff failed to offer sufficient corroborating evidence on her allegations of sexual discrimination and harassment.

Plaintiff also filed employment discrimination charges against the department before the Michigan Department of Civil Rights (DCR). The case was dismissed in August, 1983, because the DCR's investigation failed to disclose evidence of unlawful discrimination against plaintiff.

In September, 1983, plaintiff appealed by leave the disposition of her civil service grievance. In November, 1984, the Civil Service Commission's Employment Relations Board remanded plaintiff's sex discrimination grievance to the hearing officer for further hearing and decision. While the civil service appeal was still pending, plaintiff filed a complaint in Genesee County Circuit Court on December 6, 1983, naming the department as defendant. In January, 1983, plaintiff filed an amended complaint, naming as defendants: Robert Bowman, Treasurer of the State of Michigan; C. Joyce Curtis, the department's personnel director; and Patricia L. Pickett, Equal Employment Opportunity Officer of the department. Four theories of recovery were asserted in the amended complaint: (1) that the department violated the Elliott-Larsen

[1] Plaintiff filed a grievance with the Civil Service Commission regarding Roscoe's appointment. The grievance was resolved on May 6, 1981.

Civil Rights Act by failing to follow its own affirmative action and equal opportunity policies, failing to promote plaintiff and failing to eliminate an atmosphere of sexual harassment; (2) that plaintiff's right to equal protection had been denied; (3) negligence; and (4) that plaintiff had been denied fair treatment in the course of investigations. Plaintiff requested damages and other equitable relief.

The department answered the amended complaint in February, 1984. The department and Bowman moved for accelerated judgment on Counts II through IV of the complaint, pursuant to GCR 1963, 116.1(1) and (2), asserting that exclusive jurisdiction for claims for money damages against the department and its officers rested with the Court of Claims under MCL 600.6419; MSA 27A.6419.[2] A second motion for accelerated judgment was filed by the department, Bowman and Pickett in April, 1984, pursuant to GCR 1963, 116.1(2) and (5), alleging that the circuit court lacked subject-matter jurisdiction because: (1) plaintiff failed to exhaust her administrative remedies within the Civil Service Commission's grievances and appeals procedure for state employees; (2) the scope of review of a final decision of the Civil Service Commission precludes a *de novo* proceeding; and (3) Const 1963, art 11, § 5 provides plaintiff's exclusive remedy for a claim arising out of her relationship as a state classified employee, superseding the Elliott-Larsen Civil Rights Act remedies.

Following oral argument on the motions, the lower court determined that Counts II through IV

[2] Defendants Bowman and Pickett moved for summary judgment in February, 1984, claiming they did not assume their positions until after the acts complained of had occurred. Plaintiff consented to entry of summary judgment in favor of Bowman and Pickett.

were claims for money damages which were within the exclusive jurisdiction of the Court of Claims. On the second motion for accelerated judgment, the court⁻ found that plaintiff was required to exhaust her administrative remedies prior to instituting a circuit court action. Thus both motions for accelerated judgment were granted. In denying plaintiff's motion for reconsideration, the court agreed with the department's position that a state classified employee such as plaintiff is not entitled to maintain a circuit court action under the Elliott-Larsen Civil Rights Act. Plaintiff appeals that portion of the order denying her access to circuit court for asserting an Elliott-Larsen Civil Rights Act claim.

B

On appeal, plaintiff argues that the grant of accelerated judgment in favor of the department was reversible error. Plaintiff insists that the Civil Service Commission does not have plenary authority in regard to all matters affecting state classified employees, including civil rights, under Const 1963, art 11, § 5. She also asserts that it is unnecessary for a state classified employee to exhaust administrative remedies before pursuing a circuit court action for alleged violations of the classified employee's civil rights. Plaintiff concludes that the circuit court had jurisdiction to address her claims. The department counters that the Civil Service Commission has plenary authority to resolve all claims of sex discrimination brought by state classified employees. Defendant urges that, to the extent Elliott-Larsen may be interpreted as applying to state classified employees, it is unconstitutional.

We hold that the circuit court had jurisdiction

over plaintiff's claims against the department based upon the Elliott-Larsen Civil Rights Act, because the Elliott-Larsen Civil Rights Act applies to state classified employees who may bring an original action against the state and its agencies in circuit court for violations of their civil rights. We further hold that plaintiff was not required to exhaust her administrative remedies within the Civil Service Commission before proceeding in circuit court on her Elliott-Larsen Civil Rights Act claim.

## C

The lower court granted accelerated judgment to the department pursuant to GCR 1963, 116.1(2) and (5), finding that plaintiff had failed to exhaust her administrative remedies prior to instituting her Elliott-Larsen Civil Rights Act claim in circuit court. The lower court believed it was without subject-matter jurisdiction over plaintiff's cause of action. That finding was erroneous.

Plaintiff had the right to bring her sex discrimination claim in circuit court. Under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* employers are prohibited from discriminating against individuals on the basis of sex. MCL 37.2202; MSA 3.548(202). The state, its subdivisions and agencies are "employers" covered by the act. MCL 37.2103(f); MSA 3.548(103)(f), MCL 27.2201(a); MSA 3.548(201)(a). The jurisdiction of the DCR and the circuit court is concurrent.[3] An individual may proceed simultaneously in both forums when asserting an employer's violation of the act. *Constantinoff v Bixby Hospital,* 111 Mich

---

[3] An individual aggrieved by a violation of the Elliott-Larsen Civil Rights Act may proceed in the DCR, MCL 37.2601-37.2605; MSA 3.548(601)-3.548(605), or bring an action in circuit court for injunctive relief and/or damages, MCL 37.2801; MSA 3.548(801).

App 575; 314 NW2d 698 (1981); *Marsh v Dep't of Civil Service,* 142 Mich App 557, 561-562; 310 NW2d 613 (1985). Exhaustion of administrative remedies before the DCR is not a prerequisite to filing suit in circuit court. *Marsh, supra,* pp 562-563.

The department urges that a state classified civil service employee such as plaintiff is confined to the grievance procedures of the Civil Service Commission for his or her exclusive remedy under Const 1963, art 11, § 5, which provides in pertinent part:

"The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personal services, determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations convering all personnel transactions, *and regulate all conditions of employment in the classified service."* (Emphasis added.)

While article 11, § 5 appears to supersede and preempt any legislation regarding a right of action in the courts for classified state employees, we think that the Civil Service Commission has only concurrent jurisdiction with the courts and the DCR where a classified state employee asserts a civil rights violation.

We have previously determined that the Civil Service Commission does not have absolute power or exclusive jurisdiction in the area of job discrimination. In *Dep't of Civil Rights ex rel Jones v Dep't of Civil Service,* 101 Mich App 295; 301 NW2d 12 (1980), *lv den* 411 Mich 1034 (1981), this Court held that the Civil Rights Commission had

jurisdiction over discrimination claims brought by classified civil service employees and that civil service's failure to provide benefits violated the anti-discrimination provisions of the Fair Employment Practices Act and its successor, the Civil Rights Act. 101 Mich App 301-304. The Court reasoned:

"Accordingly, although the commission was granted the authority to regulate all conditions of employment within the classified service, this power is not without limit. After deliberation, we conclude that the CRC has jurisdiction over civil service employees in the area of job discrimination involved in this case.

"An elementary precept of constitutional construction is that its primary objective is to ascertain and to give effect to the intent of the people adopting it.

"The establishment of the CRC expressed the intent of the people of Michigan to end invidious forms of discrimination through the efforts of a single commission. If civil service had exclusive jurisdiction over all employment concerns, the result would be to weaken the authority of the CRC to carry out its constitutional mandate to end discrimination.

"Accordingly, for these reasons, we conclude that the CRC has jurisdiction over sex discrimination complaints filed by the three classified civil service employees in this case." 101 Mich App 301. (Footnotes omitted.)

As was noted in *Jones, supra,* the Civil Rights Commission was created pursuant to Const 1963, art 5, § 29, which provides in part that:

"It shall be the duty of the commission in a manner which may be prescribed by law to investigate alleged discrimination against any person because of religion, race, color or national origin in the enjoyment of the civil rights guaranteed by law and by this constitution, and to secure the equal protection of such civil rights without such discrimination."

This provision requires the DCR to investigate claims of discrimination "against *any* person", and does not exclude state classified employees. We therefore read article 5, § 29 as limiting the Civil Service Commission's plenary jurisdiction to regulate all conditions of employment in the classified service.[4]

*Marsh v Dep't of Civil Service, supra,* accords with the reasoning of *Jones, supra.* This Court in *Marsh* confronted an issue identical to that which is presented in the instant case. In *Marsh,* a state classified employee sued the Department of Treasury for sex discrimination in circuit court, alleging constitutional and statutory violations, including violations of the Elliott-Larsen Civil Rights Act. The circuit court granted accelerated judgment to the Department of Treasury on the ground that it lacked subject-matter jurisdiction to hear plaintiff's claims of employment discrimination. This Court reversed, finding that the Legislature could validly promulgate legislation providing civil service employees with a cause of action in circuit court against state agencies for employment discrimination. The Court indicated:

"In light of these two constitutional provisions prohibiting discrimination, securing the constitutional and statutory civil rights of all persons, and mandating implementation of these provisions by the Legislature, we hold that the prohibition of legislation for resolution of employment disputes of the classified civil service, Const 1963, art 4, § 48, does not extend to the area of employment discrimination. The classified civil service is not exempted from legislation prohibiting discrimina-

[4] The anti-discrimination and equal protection provisions of the Michigan Consitution, Const 1963, art 1, § 2, may also be interpreted as limiting the plenary authority of the Civil Service Commission in the area of employment discrimination. State classified employees are not excluded from the protection afforded by art 1, § 2. Nor is the state exempted from complying with art 1, § 2.

tion and securing civil rights in employment. Thus the Elliott-Larsen and Handicappers' Civil Rights Acts apply to employees of the classified civil service, and the Civil Rights Commission and circuit court have jurisdiction over discrimination claims of aggrieved employees." (Footnotes omitted.) 142 Mich App 568-569.[5]

In light of *Marsh* and *Jones, supra,* we hold that the circuit court reversibly erred in ruling that it did not have subject-matter jurisdiction because the Eliott-Larsen Civil Rights Act does not apply to state classified employees. Plaintiff properly asserted her sex discrimination claim against the department in circuit court.

We also reject the department's argument that, even if Elliott-Larsen is found to apply to state classified employees, accelerated judgment was still properly granted to the department because plaintiff failed to exhaust her administrative remedies. Plaintiff may maintain a civil action for redress of a statutorily created right to be free from discrimination in private employment concurrently with "the remedial [administrative] machinery provided by statute". *Pompey v General Motors Corp,* 385 Mich 537, 560; 189 NW2d 243 (1971), see *Constantinoff, supra; Avant v Nat'l Bank of Detroit,* 81 Mich App 543; 265 NW2d 410 (1978). Although *Pompey, Constantinoff* and *Avant* involved claims against private employers, the reasoning in those cases is equally applicable to claims instituted by employees of the state. State classified employees have just as great a need for direct and immediate access to the courts in making civil rights claims as do private employees. We

---

[5] We recognize that Const 1963, art 4, § 48 precludes the Legislature from enacting laws providing for the resolution of disputes concerning public employees in the State Classified Civil Service. *Marsh,* however, construed this provision by reading it in conjunction with provisions creating the Civil Rights Commission and the provisions addresssing equal protection and anti-discrimination.

find no basis for a distinction between public and private employees in relation to the need to exhaust administrative remedies prior to filing a claim in circuit court under the Elliott-Larsen Civil Rights Act. We do not view plaintiff's failure to exhaust her administrative remedies as a bar to her right to institute a circuit court action for violation of her civil rights.

We reverse the circuit court's grant of accelerated judgment in favor of the department on plaintiff's claim for damages for sex discrimination in employment brought pursuant to the Elliott-Larsen Civil Rights Act.

Reversed.