DEPARTMENT OF SOCIAL SERVICES v KULLING

Docket No. 107305. Submitted February 19, 1991, at Detroit. Decided
July 22, 1991, at 9:30 A.M. Leave to appeal sought.

The Department of Social Services brought an action in the
Wayne Circuit Court against David Kulling, a former DSS
employee, seeking the return of certain DSS documents. Kulling
counterclaimed, under the standards of conduct for public
officers and employees act, MCL 15.341 et seq.; MSA 4.1700(71)
et seq., claiming that he was wrongfully discharged in retalia-
tion for reporting irregularities, waste, and mismanagement
within the DSS. The court, J. Phillip Jourdan, J., granted
summary disposition for the DSS and dismissed Kulling's action
on the basis of lack of subject-matter jurisdiction, finding the
standards of conduct act unconstitutional to the extent it
permits state-classified civil servants to bypass the Civil Service
Commission and commence an employment action in the cir-
cuit court. Kulling appealed.

The Court of Appeals held:

The portion of the standards of conduct act that permits
public employees to sue in circuit court for a violation of the
act, MCL 15.342c; MSA 4.1700(72c), is unconstitutional as
applied to state-classified civil servants because it violates Const
1963, art 4, § 48, which prohibits the Legislature from enacting
any law regarding the resolution of employment disputes
among persons in the state-classified civil service. The Civil
Service Commission has exclusive jurisdiction over such mat-
ters.

Affirmed.

1. CIVIL SERVICE — CIVIL SERVICE COMMISSION — GRIEVANCES.

The Civil Service Commission has plenary power to determine
the procedures by which a state-classified civil service employee
may obtain review of an employment grievance; the Legislature
does not have the power to regulate the internal procedures of
the commission (Const 1963, art 4, § 48, art 11, § 5).

REFERENCES

Am Jur 2d, Civil Service §§ 68, 71, 79-81, 83-85.
See the Index to Annotations under Civil Service.

2. Civil Service — Grievances — Constitutional Law — Standards of Conduct for Public Officers and Employees Act.

    The section of the act prescribing standards of conduct for public officers and employees that allows public employees to bring actions in circuit court for violations of the act is unconstitutional with regard to state-classified civil service employees because it violates the constitutional provision that prohibits the Legislature from enacting any law regarding the resolution of employment disputes among persons in the state-classified civil service (Const 1963, art 4, § 48; MCL 15.342c; MSA 4.1700[72c]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Robert S. Welliver,* Assistant Attorney General, for the Department of Social Services.

David Kulling, in propria persona.

Before: Reilly, P.J., and Shepherd and Marilyn Kelly, JJ.

Marilyn Kelly, J. Counter-plaintiff, David Kulling, appeals as of right from a circuit court order dismissing his counter-complaint based on lack of subject matter jurisdiction. MCR 2.116(C)(1). Kulling had filed an action based on the standards of conduct for public officers and employees act. MCL 15.341 *et seq.*; MSA 4.1700(71) *et seq.* The court found the act unconstitutional to the extent that it allows state-classified civil servants to bypass the Civil Service Commission and commence an employment action in the circuit court. MCL 15.342c; MSA 4.1700(72c). We affirm.

Kulling was employed in 1980 as an assistant payments worker by the counter-defendant, the Michigan Department of Social Services. His three year employment record was marred by several complaints from coworkers and clients, some re-

sulting in disciplinary action. He was dismissed on May 3, 1983.

Kulling filed numerous grievances with the Michigan Civil Service Commission, all of which were denied. He did not pursue them through the appellate process. During these proceedings, DSS became aware that Kulling retained some original documents from their files. Dss brought suit seeking return of those documents. Kulling countersued based on the standards of conduct act claiming his dismissal was in retaliation for his having reported irregularities, waste and mismanagement within DSS. MCL 15.342; MSA 4.1700(72).

Dss filed a motion for summary disposition. It contended that the portion of the standards of conduct act allowing state-classified employees to bring suit in circuit court violated Article 4 of the Michigan Constitution. Const 1963, art 4, § 48. Article 4 prohibits legislative enactment of any law regarding the resolution of employment disputes among those in the state-classified civil service. The circuit court agreed and dismissed the complaint.

There is one issue on appeal: whether that part of the standards of conduct act allowing public employees to sue in circuit court for violation of the act is unconstitutional as applied to state-classified civil servants.

Section 2b of the act states in part:

(1) A public officer or employee who has knowledge that another public officer or employee has violated section 2 may report the existence of the violation to a supervisor, person, agency, or organization. A public officer or employee who reports or is about to report a violation of section 2 shall not be subject to any of the following sanctions because they reported or were about to report a violation of section 2.

(a) Dismissal from employment or office.

(b) Withholding of salary increases that are ordinarily forthcoming to the employee.

(c) Withholding of promotions that are ordinarily forthcoming to the employee.

(d) Demotion in employment status.

(e) Transfer of employment location. [MCL 15.342b; MSA 4.1700(72b).]

Section 2c states in part:

(1) A person who alleges a violation of section 2b may bring a civil action . . . .

(2) An action commenced pursuant to subsection (1) may be brought in the circuit court . . . . [MCL 15.342c; MSA 4.1700(72c).]

The Michigan Constitution states:

The legislature may enact laws providing for the resolution of disputes concerning public employees, except those in the state classified civil service. [Const 1963, art 4, § 48].

The Civil Service Commission was created by the constitution. Its enumerated powers include:

The commission shall classify all positions in the classified service according to their respective duties and responsibilities, fix rates of compensation for all classes of positions, approve or disapprove disbursements for all personal services, determine by competitive examination and performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the classified service, make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service. [Const 1963, art 11, § 5.]

The Civil Service Commission possesses plenary

power and may determine the procedures by which a state-classified civil service employee may obtain review of his or her grievance. The Legislature does not have the power to regulate the internal procedures of the commission. *Viculin v Dep't of Civil Service,* 386 Mich 375, 393; 192 NW2d 449 (1971).

However, in some instances the classified civil service is not exempt from legislation. See *Marsh v Dep't of Civil Service,* 142 Mich App 557; 370 NW2d 613 (1985). In *Marsh* this Court found that the classified civil service is not exempt from legislation prohibiting discrimination and securing civil rights in employment. It recognized the constitutional provision empowering the commission to resolve employment disputes concerning state-classified civil servants. Conversely, it also recognized that the constitution prohibited the denial of equal protection and discrimination and authorized the Legislature to enact laws to implement the provision. Const 1963, art 1, § 2. The Court in *Marsh* attempted to harmonize the constitutional provisions and give effect to all. It held that the Elliott-Larsen and Handicappers' Civil Rights Acts[1] apply to employees of the state-classified civil service and that the circuit court has jurisdiction over claims involving them. *Marsh,* 569.

In this case, Kulling does not allege that he has been deprived of the basic rights protected by the Michigan Constitution of 1963 at article 1, § 2. No constitutional provision exists authorizing the Legislature to implement the standards of conduct act. Kulling has the opportunity to present his claim of retaliatory discharge to the commission and can pursue it through the appellate process to the

---

[1] MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*; MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*

circuit court. Const 1963, art 6, § 28. Therefore, he has not been denied due process.

The constitutional provision enumerating the commission's powers must prevail over the legislative enactment in this case. The plenary powers of the commission remain intact. As it applies to classified civil service employees, § 2(c) of the standards of conduct act conflicts with the constitutional provision and is unconstitutional. With respect to those employees, the section can be severed, and the remaining portions remain effective. MCL 8.5; MSA 2.216.

The Civil Service Commission has exclusive jurisdiction over this matter, because it involves a state-classified civil servant. The trial court did not err in dismissing counter-plaintiff's claim.

Affirmed.