*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK ANDREWS,

        Plaintiff-Appellant,

v

STATE POLICE,

        Defendant-Appellee.

UNPUBLISHED
February 09, 2026
11:35 AM

No. 369846
Court of Claims
LC No. 22-000187-MZ

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

In this action alleging wrongful discharge and violation of the veterans' preference act (VPA),[1] MCL 35.401 *et seq.*, plaintiff appeals as of right the order granting defendant's motion for summary disposition. We affirm.

## I. BACKGROUND

Plaintiff, an honorably discharged military veteran, began working for defendant in 2012 and was assigned to the Monroe post. Plaintiff's employment was subject to a collective bargaining agreement, and he was a state civil servant. Defendant terminated plaintiff's employment a second time, on November 12, 2021.

Plaintiff filed an amended complaint on December 22, 2022, challenging his termination on two grounds. In Count I, plaintiff claimed he was wrongfully terminated in violation of public policy, while in Count II plaintiff alleged that defendant had retaliated against him in violation of the VPA. Defendant moved for summary disposition on three grounds. First, it argued that plaintiff, as a just-cause employee, could not avail himself of a public policy discharge claim, as that cause of action was created for at-will employees only. Second, defendant argued that the

---

[1] The act has no official title, but "is commonly known as the veterans' preference act." *Valentine v McDonald*, 371 Mich 138, 141; 123 NW2d 227 (1963); *Vayda v Lake Co*, 321 Mich App 686, 688; 909 NW2d 874 (2017).

Commission had exclusive jurisdiction over the terms and conditions of plaintiff's employment, precluding the common law and statutory claims. Third, defendant argued that the VPA did not provide a private cause of action.

After receiving the parties' briefs and hearing arguments, the court entered an order granting defendant's motion for summary disposition, concluding that "[t]he Michigan Supreme Court has specifically applied the public-policy exception to at-will employment situations, and there is no basis to find that it applies in this situation," and that the "public policy doctrine is inapplicable to plaintiff as a civil-service employee." Addressing plaintiff's claim under the VPA, the court ruled that, "[b]ecause the VPA does not create a private cause of action for wrongful transfer or termination, defendant is entitled to summary disposition." The court reasoned that a remedy provided by statute is generally deemed exclusive, found no evidence that the Legislature intended to create a private cause of action under the VPA, and explained that the Legislature limited actions under the VPA to mandamus, which applies only when an employee alleges a failure to appoint or promote.

## II. ANALYSIS

For the reasons explained below, we hold that because the Commission possesses plenary power over the state-classified civil service, the trial court did not err by dismissing plaintiff's amended complaint.

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A trial court reviewing such a motion must accept all factual allegations as true and decide the motion on the pleadings alone. *Id*. at 160. Summary disposition may be granted only "when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

The state constitution speaks to the power of the Commission and the Legislature when it comes to classified civil service employees. Const 1963, art 11, § 5, *authorizes* the Commission to "make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the classified service." Const 1963, art 4, § 48 *prohibits* the Legislature from enacting laws providing for the resolution of disputes concerning employees in the classified civil service. As can be seen, when it comes to the power to regulate the conditions of employment, including how to resolve disputes, the constitution sides with the Commission. Caselaw also supports this proposition.

"As an employee of the state, the terms and conditions of plaintiff's employment were subject to the authority and control of the Civil Service Commission." *James v Dep't of Mental Health*, 145 Mich App 229, 232; 377 NW2d 824 (1985), citing Const 1963, art. 11, § 5, and *Dudkin v Civil Service Comm*, 127 Mich App 397; 339 NW2d 190 (1983), overruled in part on other grounds by *UAW v Green*, 498 Mich 282, 294 n 3; 870 NW2d 867 (2015). "The commission has constitutional authority to define the procedure for resolution of employment disputes in the state classified service." *James*, 145 Mich App at 232, citing *Viculin v Dep't of Civil Service*, 386 Mich 375; 192 NW2d 449 (1971). Because the Commission "regulates the terms and conditions of employment in the classified service and has plenary and absolute authority in that respect," *Womack-Scott v Dep't of Corrections*, 246 Mich App 70, 79; 630 NW2d 650 (2001), any claim

for wrongful discharge is subject to the grievance procedure for the classified civil service. *Id*. at 77-78.

A decision analogous to this case is *Dep't of Social Servs v Kulling*, 190 Mich App 360, 361-362; 475 NW2d 464 (1991), where the plaintiff brought suit seeking the return of documents retained by the defendant, a former state employee, who, in turn, counterclaimed under the standards of conduct act, MCL 15.341 *et seq.*,[2] alleging that he had been discharged in retaliation for reporting departmental irregularities, waste, and mismanagement. The sole issue before this Court was "whether that part of the standards of conduct act allowing public employees to sue in circuit court for violation of the act is unconstitutional as applied to state-classified civil servants." *Id*. at 362.

Affirming the trial court's dismissal of the counterclaim, this Court explained that the Commission "possesses plenary power and may determine the procedures by which a state-classified civil service employee may obtain review of his or her grievance," and that "[t]he Legislature does not have the power to regulate the internal procedures of the commission." *Id*. at 363-364. Though the Court recognized a narrow exception to the rule that all challenges to the dismissal of a civil servant must be through the Commission process, the Court distinguished that exception, and the case that stood for it, *Marsh v Dep't of Civil Serv*, 142 Mich App 557; 370 NW2d 613 (1985), on the basis that the plaintiff in that case alleged discrimination, and another provision of the constitution—Const 1963, art 1, § 2—authorized the legislature to "enact laws to implement the provision." *Kulling*, 190 Mich App at 364. The Court explained how the competing constitutional provisions in *Marsh* warranted a narrow exception to the general rule that legislation in matters affecting civil servants must yield to the Commission's constitutional jurisdiction:

> In *Marsh* this Court found that the classified civil service is not exempt from legislation prohibiting discrimination and securing civil rights in employment. It recognized the constitutional provision empowering the commission to resolve employment disputes concerning state-classified civil servants. Conversely, it also recognized that the constitution prohibited the denial of equal protection and discrimination and authorized the Legislature to enact laws to implement the provision. Const 1963, art 1, § 2. The Court in *Marsh* attempted to harmonize the constitutional provisions and give effect to all. It held that the Elliott-Larsen and Handicappers' Civil Rights Acts apply to employees of the state-classified civil service and that the circuit court has jurisdiction over claims involving them. *Marsh*, [142 Mich App] at 569.
>
> In this case, Kulling does not allege that he has been deprived of the basic rights protected by the Michigan Constitution of 1963 at article 1, § 2. No constitutional provision exists authorizing the Legislature to implement the standards of conduct act. Kulling has the opportunity to present his claim of retaliatory discharge to the commission and can pursue it through the appellate

---

[2] MCL 15.342b prohibits the dismissal of an employee who reports violations of the act, while another section provides a cause of action and remedies. MCL 15.342c.

process to the circuit court. Const 1963, art 6, § 28. Therefore, he has not been denied due process.

The constitutional provision enumerating the commission's powers must prevail over the legislative enactment in this case. The plenary powers of the commission remain intact. As it applies to classified civil service employees, § 2c of the standards of conduct act conflicts with the constitutional provision and is unconstitutional. . . . [*Kulling*, 190 Mich App at 364-365 (footnote omitted).]

Because the counter-plaintiff did not allege that the plaintiff deprived him of the rights guaranteed under Const 1963, art 1, § 2, and he had the right to present his retaliation claim to the Commission and to appeal that decision to circuit court, this Court held that the Commission had "exclusive jurisdiction over this matter, because it involves a state-classified civil servant." *Id*. at 365.

*Kulling* is binding under MCR 7.215(J)(1), and like the counter-plaintiff in *Kulling*, plaintiff here has not alleged a violation of the rights guaranteed by Const 1963, art 1, § 2, or legislation implementing that section. Nor has he pointed to any other constitutional provision that the VPA was enacted to enforce. Accordingly, the Court of Claims did not err by dismissing plaintiff's employment-related claims on this basis. As a result, we need not address plaintiff's other arguments on appeal.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Christopher M. Murray
/s/ Anica Letica